Fkeeman, J.,
delivered the opinion of the.Court.
This is a suit commenced by Richmond against Caldwell, in the Circuit Court of Hawkins county. The summons was returnable to January Term, 1866, at which time complainant filed his declaration.
The suit was brought “on a bond” executed by defendant below, Caldwell, and one W. C. Kyle, who was not sued, for the sum of fourteen hundred and eighty-nine dollars and thirty-five cents. Said note dated 21st of November, payable one day after date, to one W. E. N. Mark, by him assigned to H. C. P. Richmond, and by him to the complainant below, M. D. Richmond. Defendant Caldwell, filed his pleas at the appearance term, the first being a .plea of payment; the second, a plea of tender of $744.67, one-half the residue of said sum of $1,489.35 made by him before the commencement of this suit. Issue was taken on these pleas at that term. At January Term, 1867, (on 5th of February,) the defendant obtained leave of the Court to file a third plea, which craves oyer of the bond sued on, with its indorsements, and among others set out, an indorsement on said bond as follows:
“ $867. Received of W. C. Kyle eight hundred and sixty-seven dollars in full of his half of this note, and this payment releases him of any further obligation on this note. September 7th, 1865.
“Signed, M. D. Richmond.”
And thereupon he pleads “that the said W. C. Kyle *470 and this defendant (Caldwell) were joint obligors in the said bond, and jointly made and executed the same; and that by his said receipt and acquittance to the said W. C. Kyle, bearing date the said 7th * day of September, 1865, releasing the said W. C. Kyle from any further liability on said bond, (commonly called a note), he, the said plaintiff, also released the said defendant from the payment thereof, and he is no longer bound to pay the same, wherefore the said defendant says' he is wholly discharged, &c.
The record shows that defendant moved the Court, on 5th of February, the day of filing his third plea, “for leave to file a plea puis darrien,” and offered, in support of his motion, an affidavit, which the record states, in words and figures. This paper, in the view we have taken of the case, need not be further ■ noticed.
It is insisted by plaintiff in error that the plea thus offered should have been sworn to, and as he excepted to the action of the Court in allowing said plea to be filed, the question for our decision is, as to the correctness of the action of the Court in overruling his objection to such filing.
While we would not hold that we could reverse for the action of the Court, in allowing a plea of this kind to be filed at any time before trial, without an affidavit showing reasons why it had not been presented sooner, as we think such supplemental pleadings are clearly embraced by section 2892 of the Code, and we will presume in favor of the action of the Circuit Court, that good cause was shown before the same was allowed to *471 be filed, nothing appearing to the contrary; yet we dcfc not think that a plea since the last continuance can he filed, the opposite party objecting, unless such plea is sworn to.
Section 2909 of the Code provides, that “all pleas which deny the execution or assignment by the defendant, his agent, or attorney, or partner, of any instrument in writing, the foundation of the suit, whether produced or alleged to be lost or destroyed, and all pleas since the last eontinuanee, shall be sworn to.”
That this plea was a plea since the last continuance, there can be no question. It was presented to the Court twelve months after the cause was at issue. Ho one would claim that we could dispense with the requirement of the first part of this section of the Code; that the denial of the execution of an instrument, the foundation of a suit, must be on oath, and that # such plea ought not to be filed, if objected to; and we are equally bound to hold the requirement of the latter part of the section as to pleas since the last continuance, must be strictly complied with. Both provisions stand on the same ground precisely, in this respect; the plain language of the statute, which we are not at liberty to disregard.
As we are compelled to reverse the case on this ground, we do not discuss or decide the question raised by the demurrer to the plea of release, as to whether it contains matter of defense to the action or not.
The case will be reversed, and remanded to the Circuit Court for trial.